**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  2:20-CR-00227-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DANIEL JAY VINATIERI (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is the "United States' Notice of Intent to Use Evidence Pursuant to Rule 404(b)" (Doc. 40) and "Judicial Notice of Adjudicative Fact" (Doc. 41). In its Notice, the Government informs the Court and Defendant that it intends to offer at trial extrinsic evidence against Defendant Daniel Jay Vinatieri at the trial of this matter.

*Rule 404(b) Notice*

On December 2, 2009, following a General Court-Martial, Vinatieri was convicted of Article 134[1] of the Uniform Code of Military Justice for digitally penetrating the vagina of a 14-year-old child. The Military Judge sentenced Vinatieri to a reduction in rank to a Private, to serve 100 days' confinement, and the be discharged from the Army with a "Bad-Conduct Discharge." The Military Judge further advised Vinatieri it was "extremely likely" that he would have to register as a sex offender. During sentencing, Vinatieri acknowledged this possibility. On December 1, 2009, Vinatieri signed a form acknowledging this possibility.

---

[1] Indecent acts with a child.

On February 21, 2010, when released Vinatieri signed and initialed in the presence of a witness, a Department of Defense Form 2791 entitled Notice of Release/Acknowledgment of Convicted Sex Offender Registration Requirements. The witness explained the contents of Form 2791 which by signing the form, Vinatieri acknowledged that he was required to register as a sex offender in Nevada, and that if he moved to another state, he would be required to comply with that state's registration requirements.

Defendant has been indicted with one count of failing to register as a sex offender (in Louisiana) in violation of Title 18, United States Code, Section 2250(a). The Governments intends to offer into evidence, that after being Court-martialed, he was required to register as a sex offender in Nevada, and that if he moved to another state, he would have to comply with the registration requirements in his new state of residence. Specifically, the Government intends to introduce evidence that Defendant failed to register as a sex offender in the state of Nevada, even after signing Form 2791 wherein he acknowledged the requirement to do so.

Federal Rule of Evidence 414(b) provides, in pertinent part:

(b) Crimes, Wrongs, or Other Acts.

    (1)  Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

    (2) Permitted uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Government argues that evidence regarding Defendant's failure to register as a sex offender in Nevada is admissible as evidence of "other acts" under Federal Rule of Evidence 404(b).   The Government posits that the evidence rebuts any assertion that Defendant lacked the intent required to show that he knowingly failed to register or update his registration in Louisiana.  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) ("Where the issue addressed is the defendant's intent to commit the offense charged, the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses.") Furthermore, the evidence will establish that Defendant's failure to register was not due to a mistake or accident.

In his response to the Notice, Defendant, through counsel, informs the Court that he does not object to this evidence being offered at trial. However, Defendant requests that a limiting instruction be given by the Court both at the time the evidence is introduced and as part of the Court's instructions to the jury prior to their deliberation.  Considering the relevant law and facts, the Court finds that the Government has a valid legal basis for submitting the above-mentioned evidence at the trial of this matter and will permit the evidence at the trial of this matter subject to a limiting instruction.

*Judicial Notice of an Adjudicative Fact*

The Government requests that the Court take Judicial Notice of an Adjudicative Fact; to wit, that Defendant's December 2, 2009 conviction pursuant to a General Court-Martial for the offense of indecent acts with a child, in violation of Article 134 of the Uniform Code of Military Justice, is a sex offense under the Sex Offender Registration and

Notification Act, pursuant to Title 34, United States Code, Section 20911, *et seq.,* formerly cited as Title 42,  United States Code Section 16911, *et seq.*

The Government informs the Court that Daniel Jay Vinatieri was convicted of violating Article 134 of the Uniform Code of Military Justice, indecent acts with a child.[2] As part of his conviction, Vinatieri pleaded guilty of committing an indecent act upon the body of a child under 16 years of age. In addition to acknowledging that he was aware that the child victim was 14 years old, Vinatieri admitted that he understood the elements and definition of the offense as well as having committed the offense.

The Sex Offender Registration and Notification Act ("SORNA") defines a "sex offender" as "an individual who was convicted of a sex offense." 34 U.S.C. § 20911 (1). SORNA defines in pertinent part the term "sex offense." The Government maintains that the sex offense that Vinatieri was convicted meets that definition. Consequently, the Government argues that SORNA requires Vinatieri to register and keep that registration current in each jurisdiction in which he resides or works. 34 U.S.C. § 20913(a). § 20913(c) requires the sex offender to update the registration information within three (3) business days of any change in residence or employment. Title 18 United States Code, Section 2250(a) makes it a felony crime for sex offenders to fail to register in violation of SORNA.

The Government requests that Judicial Notice be deemed sufficient and that this Court instruct the jury that Vinatieri's prior offense is a SORNA registrable offense. The

---

[2] Government exhibit 1.

Court agrees with the Government and will instruct the jury that Defendant's prior offense is a SORNA registrable offense. Accordingly,

**IT IS ORDERED** that the evidence of Defendant's failure to register as a sex offender in the state of Nevada will be permitted. The Court will give a limiting instruction, as provided by Defendant, both when the evidence is introduced and as part of the Court's instructions prior to the jury's deliberation. The Court will also instruct the jury, as provided by the Government, that Defendant's prior offense is a SORNA registrable offense.

**THUS DONE AND SIGNED** in Chambers on this 6th day of April, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**