UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:20-CR-00227-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DANIEL JAY VINATIERI (01)** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court are two Motions in Limine [docs. 57, 58] filed by defendant Daniel Jay Vinatieri. The government has responded to both motions, which seek to limit the evidence admissible at defendant's criminal trial. Docs. 61, 63.

**I.**
**BACKGROUND**

Vinatieri is charged in this court with one count of failure to register as a sex offender, a violation of 18 U.S.C. § 2250(a). The charge relates to his registration requirements under the Sex Offender Registration and Notification Act ("SORNA"), following a 2009 conviction under the Uniform Code of Military Justice. Trial in this matter is currently set for April 12, 2021. Vinatieri now brings two motions in limine, seeking to exclude (1) portions of the transcript from his 2009 conviction hearing and (2) certain domestic business records not produced by the government until March 2021. Docs. 57, 58. The government agrees that certain portions of the hearing transcript are inadmissible, and also asserts that the testimony of defense character witnesses must be stricken unless the defendant's character is placed at issue. Doc. 61. As to the second

motion, the government maintains that all relevant records were produced by March 23, 2021, and that the delay does not provide sufficient cause for a continuance or exclusion of evidence. Doc. 63. It nonetheless asserts that its redactions render the defense's objections moot.

## II.
## LAW & APPLICATION

### A. First Motion in Limine – Redaction of Conviction Hearing Transcript

In his 2009 proceedings, Vinatieri was originally charged by bill of information with three counts of criminal activity arising from sexual activities committed on T.L.R., a minor between the ages of 12 and 16 years old. Count 1 was dismissed and Vinatieri pleaded guilty to Counts 2 and 3, with the latter termed the "Additional Charge." The Additional Charge, which related to the digital penetration of a minor in violation of Article 134 of the Uniform Code of Military Justice, gave rise to the sex offender notification requirements that form the basis for this prosecution. Accordingly, the government has agreed that it is the only relevant offense conduct and shows that all portions of the conviction record relating to Counts 1 and 2 have been redacted. The government also agrees that all testimony of government witnesses from the 2009 proceedings must be excluded as hearsay and inadmissible character evidence, and that the prosecutor's closing argument from those proceedings is also inadmissible, with the caveat that redacted portions of the transcript excluded as character evidence may be introduced at cross-examination if Vinatieri places his character at issue. *See* doc. 62. The court agrees with these limitations.

In its response, the government asserts that the testimony of defense character witnesses from the 2009 hearings must be excluded as inadmissible hearsay. As it notes, Vinatieri has made no demonstration as required under Federal Rule of Evidence 804(b) that these witnesses are unavailable or that the prosecution in the 2009 proceedings had the opportunity and similar motive to the government in this matter to develop the witnesses' testimony through cross-examination. The witness testimony in the 2009 proceedings was offered in support of a more lenient sentence, and would presumably be offered here against culpability. Additionally, the defense makes no showing of the relevance of testimony from 2009 assuming they do intend to place Vinatieri's character at issue. Accordingly, all character witness testimony from the 2009 proceedings is inadmissible.

In its reply the defense seeks additional redactions/exclusions to (1) references to the details of the Additional Charge and (2) statements by defense counsel relating to his discussions with Vinatieri on the sex offender notification requirements of his plea. The defense seeks to exclude the former based on the court's decision [doc. 64] to take judicial notice of the additional offense and its qualification as a sex offense under SORNA, and the latter as hearsay. While the government argues that the details of the offense are relevant to show that defendant was aware he was convicted of a sex crime, the court agrees finds sufficient evidence of this in the name of the general offense and determines that the details are too prejudicial to warrant admission. Accordingly, the government is only permitted to name the offense – Indecent Acts with a Child – as it was then described under the applicable UCMJ provision, Article 134.

The court also notes the government's argument that defense counsel's statements go to the defendant's state of mind. However, statements by defense counsel as to what he discussed with Vinatieri about sex offender registration would clearly be offered for the truth of the matter asserted and the government presents no hearsay exception applicable in this matter. However, the statements made by defense counsel at closing argument and in the presence of the defendant – in which defense counsel repeatedly states that defendant will have to register as a sex offender – are admissible, in order to show their effect on the listener. Accordingly, the motion will be granted as to these additional redactions and exclusions but denied as moot in all other respects.

### B. Second Motion in Limine – Untimely Evidence

Vinatieri also moves to exclude certain domestic business records produced by the government, identified with Bates Numbers G000148–280, on the grounds that they were not produced until March 31, 2021, less than two weeks in advance of trial. Doc. 58. In its response, however, the government shows that only 26 pages of this material, encompassing records from Vinatieri's appeal, were produced for the first time in the last month and that these had actually been produced by March 23, 2021. Doc. 63. The government also notes that its redactions offered in response to the prior motion encompass the appeal record, or at least the portions with which the defense has taken issue. *Id.* In reply, however, the defense insists that the redaction is insufficient and that the appeal record should be excluded in full, with the government barred from making any reference to the fact that defendant sought clemency from or appeal of his SORNA requirements. Doc. 66.

4

The district court has discretion to sanction a party for discovery violations, but should impose the least severe sanction that will produce the desired result—"prompt and full compliance with the court's discovery orders."[1] *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. 1982). To this end, the court should consider factors such as the reason for the late disclosure, the prejudice to the opposing party, the possibility of mitigating that prejudice with a continuance, and "other relevant circumstances." *United States v. Katz*, 178 F.3d 368, 372 (5th Cir. 199).

The pretrial scheduling order was entered in this matter on October 23, 2020, following Vinatieri's initial appearance. Doc. 14. There the government was ordered to share its discovery, including the defendant's arrest and conviction record, with the defense on or before November 6, 2020. *Id.* At that time, however, no jury trials were taking place due to the COVID-19 pandemic. The scheduling conference was also postponed multiple times while the court waited for Vinatieri to retain counsel, and the matter was assigned a trial date of April 5, 2021 (subsequently reset for April 12), at a conference on February 11, 2021. Doc. 26. Meanwhile, the government shows that it sought production of the records at issue on March 4, 2021, but faced delays due to agency telework requirements relating to the pandemic. Doc. 63, atts. 5 & 6. Counsel for the government received a certified copy of these records on the evening of March 22, 2021, and emailed them to defense counsel the following morning. Doc. 63, atts. 7 & 8. The court finds little

---

[1] The defense has argued for exclusion on Confrontation Clause grounds and as a sanction for violating the court's discovery order. As the government points out, however, the Confrontation Clause protects a defendant's right to confront the witnesses against him and the cases cited by Vinatieri have only extended this right to matters prepared in anticipation of trial and/or to circumvent the testimony of live witnesses. *See Crawford v. Washington*, 541 U.S. 36 (2004); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

sanctionable conduct behind this delay, given the uncertainty in scheduling created by the pandemic and the delay in setting a trial date.

As for prejudice, the defense argues that the appeal records revealed to them for the first time that Vinatieri appealed his sentence after being released from prison with the goal of avoiding the sex offender notification requirements at issue in this case. Doc. 66. The defense maintains that Vinatieri did not direct this appeal, and that it will be prejudiced by its inability to investigate the appeal proceedings because the record makes it appear that Vinatieri was aware of his registration requirements under SORNA. As the government emphasizes, however, the defense had these records for 20 days before the start of trial and did not raise the issue of untimely discovery until the motion in limine filed on April 5, 2021. Moreover, prejudice is only relevant to the extent it impacts a defendant's substantial rights to a fair trial. *United States v. Garret*, 238 F.3d 293, 299 (5th Cir. 2000). Accordingly, "the question . . . is whether the defendant had time to put the information to use, not whether some extra effort was required by defense counsel." *Id.* (citing *United States v. Martinez-Perez*, 941 F.2d 295 (5th Cir. 1991)). Given the length of time in which the defense has had access to this information, as well as its failure to raise the issue of timeliness any earlier or show a specific impediment to its investigation of the appeal, the court cannot find adequate prejudice. Because of the delay in raising this issue, the court also views a continuance as unjustified. Accordingly, the motion is denied in this regard.

In its reply to this motion and the first one, the defense also requests additional redactions of three references to the graphic details of the additional offense. Docs. 66, 67. As it notes, the court has already taken judicial notice of the adjudication and resulting sex

offender registration requirements. Doc. 64. References to these details have no relevance to the failure to register charge. The court has ruled supra that such references must be excluded and that the government is limited to referencing the applicable UCMJ article and general offense name (Indecent Acts with a Child). Accordingly, this motion is denied as moot in this regard.

### III.
#### CONCLUSION

For the reasons stated above, the first Motion in Limine [doc. 57] is **GRANTED IN PART** and **DENIED AS MOOT IN PART** as described above, and all character witness testimony from the 2009 proceedings is likewise deemed inadmissible. The second Motion in Limine [doc. 58] is **DENIED IN PART** and **DENIED AS MOOT IN PART**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of April, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**